FILED
IN CLERKS OFFICE

SEP -6 AM 9: 04

DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 19cr10331 |
| | ) | |
| | ) | Violations: |
| v. | ) | |
| | ) | Counts One and Three:  Extortion |
| | ) | Conspiracy (18 U.S.C. § 1951) |
| ANTONIO COSTA, | ) | |
| | ) | Counts Two and Four: Extortion; |
| Defendant | ) | Aiding and Abetting |
| | ) | (18 U.S.C. §§ 1951 and 2) |
| | ) | |
| | ) | Count Five:  False Statements |
| | ) | (18 U.S.C. § 1001(a)(2)) |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | (18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c)) |

INFORMATION

COUNTS ONE and THREE
(18 U.S.C. § 1951)
Extortion Conspiracy

The United States Attorney charges:

1.       On or about the dates set forth below, in Fall River, in the District of Massachusetts,

and elsewhere, the defendant,

ANTONIO COSTA,

and others known and unknown to the United States Attorney, did conspire to knowingly obstruct,

delay, and affect, in any way and degree, commerce and the movement of articles and commodities

in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951;

that is, COSTA conspired with Fall River Mayor Jasiel F. Correia, II ("Correia") and others, to

obtain money and property not due Correia or his office, from marijuana vendors that did business

in and affecting commerce ("MJ Vendor #1" and "MJ Vendor #2"), with the marijuana vendors'

consent, in exchange for non-opposition letters and host community agreements to operate

marijuana businesses in Fall River, under color of official right, as set forth below:

| Count | Approx. Dates | Victim | Official Act |
|---|---|---|---|
| 1 | Jun. 2016 – Sept. 2016 | MJ Vendor #1 | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| 3 | May 2018 – Mar. 2019 | MJ Vendor #2 | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |

All in violation of Title 18, United States Code, Section 1951.

## COUNTS TWO and FOUR
(18 U.S.C. §§ 1951 and 2)
Extortion; Aiding and Abetting

The United States Attorney further charges:

2.      On or about the dates set forth below, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

## ANTONIO COSTA,

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, COSTA, in concert with Correia and others, known and unknown to the United States Attorney, obtained money and property not due Correia or his office, from MJ Vendor #1 and MJ Vendor #2, with their consent, in exchange for non-opposition letters and host community agreements to operate marijuana businesses in Fall River, under color of official right, as set forth below:

| Count | Approx. Dates | Victim | Official Act |
|-------|---------------|--------|--------------|
| 2 | Jun. 2016 – Sept. 2016 | MJ Vendor #1 | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| 4 | May 2018 – Mar. 2019 | MJ Vendor #2 | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FIVE
18 U.S.C. § 1001(a)(2))
False Statements

The United States Attorney further charges:

3.      On or about October 26, 2017, in Fall River, in the District of Massachusetts, the

defendant,

ANTONIO COSTA,

did willfully and knowingly make materially false, fictitious, and fraudulent statements and

representations in a matter within the jurisdiction of the executive branch of the Government of

the United States; that is, COSTA: (1) falsely denied the existence of the extortion charged in

Counts One and Two; (2) falsely denied his role in those offenses; and (3) falsely denied that he

had any role in getting non-opposition letters from Correia.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

4.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1951, set forth in Counts One through Four of this Information, the defendant,

### ANTONIO COSTA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following:

    a.  $72,000 - $95,000, to be entered in the form of a forfeiture money judgment.

5.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: _____
Zachary R. Hafer
Assistant U.S. Attorney

Date: 9/6/19